■ WILLIAM M. JOHNSON et al., Appellants, v J. TIMOTHY SHEA et al., Respondents. (Action No. 1.) J. TIMOTHY SHEA et al., Respondents, v WILLIAM M. JOHNSON et al., Appellants. (Action No. 2.) J. TIMOTHY SHEA, Respondent, v WILLIAM M. JOHNSON et al., Appellants. (Action No. 3.) [673 NYS2d 602] —In an action (Action No. 1), inter alia, to enjoin the prosecution of two prior pending actions (Action Nos. 2 and 3), William M. Johnson, the estate of Edward J. Gunnigle, and Thomas F. Owens appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 20, 1997, as, upon renewal, denied their motion to preliminarily enjoin the prosecution of Action Nos. 2 and 3,

and granted the cross motion of J. Timothy Shea and John Peter McElroy for partial summary judgment in their favor in Action Nos. 2 and 3 directing partnership accountings and for summary judgment dismissing the complaint in Action No. 1.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties to the instant appeal were involved in a business venture. Two actions were commenced in 1980 and 1981, respectively, to determine the parties' rights and obligations in the venture. Because those actions were not prosecuted with alacrity, and based upon the appellants' claim that the actions had been settled, the appellants, who were among the defendants in the prior actions, commenced Action No. 1 to enjoin the prosecution of the prior actions. The motion for a preliminary injunction was, in effect, treated as an application to dismiss the prior actions for failure to prosecute.

The Supreme Court properly denied the appellants' motion to preliminarily enjoin the prosecution of Action Nos. 2 and 3. The appellants had an adequate remedy at law in Action Nos. 2 and 3 under CPLR 3216 to seek dismissal for failure to prosecute but never availed themselves of that remedy. In addition, because the appellants failed to utilize the procedural remedies available to them to move the prior actions forward, they may not assert a claim of laches (*see, Ryan v Borg*, 201 AD2d 550). Moreover, the appellants failed to submit any relevant documentary evidence to support their claim that the prior actions had been settled.

The appellants' remaining contentions are without merit. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.